UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re Jacqueline C. Melcher

Case No. C-13-04930-RMW

**ORDER GRANTING MOTION TO WITHDRAW REFERENCE; GRANTING SANCTIONS BUT DEFERRING CALCULATION OF AMOUNT**

[Re Docket No. 1]

John W. Richardson, Trustee in Bankruptcy (the "Trustee") of the estate of Jacqueline Melcher, filed a motion for an order withdrawing the reference to the Bankruptcy Court under 28 U.S.C. § 157(d) for consideration by the District Court of the Trustee's motion under 28 U.S.C. § 1927 for sanctions against Ms. Melcher. Dkt. No. 1. For the reasons explained below, the court grants the motion to withdraw the reference and grants the motion for sanctions.

## I. Background[1]

Ms. Melcher filed a Chapter 11 petition in June 2001, which was converted to a Chapter 7[2] case in September 2008. From September 15, 2008 through April 15, 2013, the bankruptcy docket

---

[1] Unless otherwise noted, the court relies on the order of the Bankruptcy Appellate Panel describing the background of the bankruptcy proceedings in this case. *In re Jacqueline Melcher*, B.A.P. No. NC-13-1168-DjuKi, 2014 WL 1410235 (April 11, 2014) ("BAP Order") (also filed as Dkt. No. 13).

ORDER
Case No. C-13-04930-RMW
LM

- 1 -

contains more than 1,700 entries and "reflects the great difficultly Jacqueline had understanding the role of the Trustee and her duties as a debtor in chapter 7. Jacqueline opposed most substantive action of the Trustee to liquidate estate property." BAP Order at 5.

These opposition tactics included actively interfering with the Trustee's attempts to sell real property in Massachusetts, objecting to the real estate broker the Trustee hired, and objecting to the selling price proposed for the properties. The bankruptcy court rejected Ms. Melcher's concerns, and her appeals of the bankruptcy court's decisions were dismissed for lack of prosecution. *Id.* at 7-8 (Stonewall Property), 9-10 (Moshup Trail Property). Ms. Melcher also refused to remove personal property in the homes the Trustee was attempting to sell. *Id.* at 8, 10-11. All of these actions caused the Trustee to incur unnecessary legal fees relating to his administration of the bankruptcy estate.

Ms. Melcher also filed numerous motions to compel, motions for reconsideration, and appeals related to the Trustee's administration of the estate, all of which were denied on the merits, or dismissed as untimely in the case of the appeals. These are "but some of the examples of Jacqueline's litigation tenacity as reflected on the docket." *Id.* at 13.

Before the bankruptcy court, the Trustee requested that Ms. Melcher be declared a vexatious litigant or that some restrictions be placed on her filings. The Trustee filed his first "Notice and Motion for Vexatious Litigant Order" on April 24, 2009. The bankruptcy court denied the motion because Ms. Melcher's filings were "not patently without merit" and it was not clear that the excessive pleadings were taking funds from creditors in the case. *Id.* at 14. On September 15, 2010 the Trustee renewed his motion, and the bankruptcy court again denied the motion but determined that Ms. Melcher was barred from filing pleadings in other courts. *Id.* at 16 (Ms. Melcher was involved in various state court litigations). The Trustee then filed a Standing Motion, requesting the bankruptcy court to determine that Ms. Melcher had no standing to interfere with the Trustee's administration of the estate, as the estate was insolvent and thus she had no pecuniary interest in it. *Id.* at 18-19.

---

[2] In the context of the Chapter 11 proceedings, Ms. Melcher brought an appeal to the Ninth Circuit, which determined that she was "abusing the bankruptcy process." BAP Order at 3, citing *Melcher v. Estate of Terrence P. Melcher (In re Melcher)*, Slip Op. Case No. 06-16412 (9th Cir. April 30, 2008) at 3.

ORDER
Case No. C-13-04930-RMW
LM
- 2 -

The bankruptcy court denied the motion, and on appeal the Bankruptcy Appellate Panel vacated the decision, finding that "Jacqueline's multiple pleadings were frivolous and were brought with the intent to harass the parties." *Id.* at 25. Additionally, the Bankruptcy Appellate Panel concluded that "[t]here is no question from the record before us that the [primary creditor] has been impacted seriously by the diminution of the bankruptcy estate, as have the Trustee and his counsel in light of the fees and expenses they have incurred in attempting to meet their statutory duties to administer the bankruptcy estate." *Id.* at 26. The Bankruptcy Appellate Panel then vacated and remanded the Standing Motion to the bankruptcy court to "implement an appropriate prefiling order to address the outrageous conduct of Jacqueline evidenced by the docket and her voluminous filings." *Id.* at 28.

Before the Bankruptcy Appellate Panel issued its decision vacating the denial of the Standing Motion, the Trustee filed the current motion to withdraw the reference and motion for sanctions. After briefing was complete on the current motions, the BAP Order was issued.

In the current motion for sanctions, the Trustee estimates that Ms. Melcher's litigation behavior has "caused at least 1,300 hours in unnecessary work at a cost of $688,000 to the bankruptcy estate and its creditors." Dkt. No. 1 at 5. The Trustee's motion details further vexatious litigation conduct, including numerous objections, motions for reconsideration, and other unnecessary filings made by Ms. Melcher in the bankruptcy case.

## II. Analysis

### A. Permissive Withdrawal

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding . . . on timely motion of any party, for cause shown." In making the "cause" determination, a district court should consider "the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Whearhousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir.1997).

Here, the *Security Farms* factors favor withdrawing the reference. First, it is questionable whether a bankruptcy court within in the Ninth Circuit has the authority to award sanctions under 28

U.S.C. § 1927. *See In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (finding that bankruptcy courts are not "courts of the United States" under 28 U.S.C. § 451); *In re Sandoval*, 186 B.R. 490, 495-96 (9th Cir. B.A.P. 1995) (applying *Perroton's* reasoning and concluding that bankruptcy court's lack the authority to award sanctions under 28 U.S.C. § 1927); *but see See In re Peoro*, 793 F.2d 1048 (9th Cir.1986) (affirming bankruptcy and district courts' award of § 1927 sanctions without comment on authority to award sanctions). Because *Perroton* and *Sandoval* more directly address the question of a bankruptcy court's authority to award sanctions than *Peoro*, the court follows the analysis in *Perroton*, which leads to the conclusion that a bankruptcy court lacks authority to impose sanctions under § 1927. *See also In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084 (10th Cir. 1994) (relying on *Perroton* to conclude that bankruptcy courts could not award § 1927 sanctions).

Because the bankruptcy court cannot impose § 1927 sanctions, efficiency of judicial resources is best served by this court deciding the motion for sanctions in the first instance. Any order by the bankruptcy court would almost certainly be appealed here, either by the Trustee or by Ms. Melcher. In addition, the court is already familiar with Ms. Melcher and the lengthy history of her bankruptcy proceedings. *See* Dkt. No. 1 at 3 (noting that this court has considered 11 appeals from Ms. Melcher's chapter 7 case in the last four years). Although the court does have some concern regarding forum shopping, as the bankruptcy court twice denied the Trustee's vexatious litigant motions, the intervening decision of the Bankruptcy Appellate Panel effectively overruling the vexatious litigant determination mitigates those concerns.

Ms. Melcher's oppositions[3] to the motion to withdraw, Dkt. Nos. 10 and 11, do not substantively contest withdrawing the reference, but instead address the merits of the sanctions motion. Accordingly, because the *Security Farms* factors favor withdrawal of the reference, the court grants the motion to withdraw.

### B.  Sanctions under 28 U.S.C. § 1927

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to

---

[3] The court granted Ms. Melcher three extensions of time to file an opposition, with the final extension of time requiring an opposition by February 14, 2014. Dkt. No. 7. Ms. Melcher filed an opposition on February 14, 2014, Dkt. No. 10, and then filed a "correction to opposition" on February 18, 2014, Dkt. No. 11.

> satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In the Ninth Circuit, sanctions under § 1927 may be awarded against pro se litigants. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990); *but see Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992) (§ 1927 sanctions could not be applied against pro se litigant).

The Bankruptcy Appellate Panel found Ms. Melcher's conduct clearly unreasonable and vexatious. BAP Order at 25. Reviewing the record presented here, this court reaches the same conclusion. Ms. Melcher has filed hundreds of pleadings in the Chapter 7 case, requiring the Trustee to respond with his own filings. Dkt. No. 1-7, 8 (Exs. E, F). Ms. Melcher continues to improperly raise issues that have been finally decided through appeals either to this court or the Ninth Circuit. *See* Dkt. No. 12 (Reply). The repeated filings and unrelenting interference with the Trustee have been both reckless and frivolous, justifying an award of sanctions under § 1927. *See In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("For sanctions to apply [under § 1927], if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned.").

The Trustee requests $688,000 as costs incurred as a result of Ms. Melcher's vexatious conduct. Dkt. No. 1 at 28; Dkt. No. 1-5 (Maher Decl.). The Trustee states that $498,000 "has been approved by the Bankruptcy Court on an interim basis." *Id.* It is unclear whether the $498,000 in approved fees is all fees approved as of May 31, 2011 or only fees related to responding to Ms. Melcher's frivolous conduct. *See, e.g.*, Dkt. No. 1-5 (Maher Decl.) at ¶ 45 (stating that attorney for Trustee incurred $178,263 in costs to the estate, but not all was approved); ¶ 65 ("A substantial amount of the fees described in this declaration have been approved by the Bankruptcy Court"). The Trustee acknowledges that "[t]he excess cost of approximately $688,000 is a large amount of money and is no doubt beyond the Debtor's means to pay." *Id.* Ms. Melcher's oppositions do not specifically contest the reasonableness of the Trustee's fees, only the substance of the Trustee's positions in the Chapter 7 case.[4]

---

[4] Ms. Melcher does state "the trustee and his attorney have . . . created needless delay and unnecessary legal fees" but does not point to any specific actions that were unnecessary. Dkt. No. 10 at 13-14.

ORDER
Case No. C-13-04930-RMW
LM

- 5 -

In this case, the attorney's fees incurred by the Trustee may be paid by the bankruptcy estate, to the expense of creditors. This suggests that sanctions should be awarded to compensate the victims of Ms. Melcher's litigation abuses. *See Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008) ("[T]he text of § 1927 . . . indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders."). Additionally, if sanctions are awarded, they may be an asset that can be assigned to a creditor as partial satisfaction of the money owed. An award of sanctions will also, hopefully, deter future litigation misconduct by Ms. Melcher, knowing that she will be personally liable for the fees incurred as a result of any future frivolous, harassing filings. *See Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987-88 (9th Cir. 2012) (identifying purpose of § 1927 sanctions as both to compensate and deter). The Bankruptcy Appellate Panel has ordered the bankruptcy court to impose an appropriate pre-filing restriction on Ms. Melcher, which should also serve to stop her behavior in the future. BAP Order at 28. Therefore, sanctions under § 1927 are justified in this case.

At this point, the court will not award a specific amount of sanctions because the litigation is ongoing and more unnecessary fees may be incurred in the future. *Salstrom v. Citicorp Credit Servs., Inc.*, 74 F.3d 183, 185 (9th Cir. 1996) (approving deferring award of specific amount of sanctions until conclusion of the case). The court also notes that the bankruptcy court does have the power to award sanctions under its own inherent authority. *See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996); *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009). The Trustee may file a motion for determination of the amount sanctions in this proceeding at the conclusion of the bankruptcy case.

### III.  Order

For the reasons explained above, the court grants the Trustee's motion to withdraw reference and grants the motion for sanctions.  The Trustee shall file a motion for determination of the final amount of sanctions at the conclusion of the bankruptcy case.

Dated: October 1, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge