IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JACQUELINE MELCHER           No. C 13-04930 WHA

**ORDER GRANTING RENEWED MOTION TO DETERMINE AMOUNT OF SANCTIONS**

_____/

      This matter stems from the bankruptcy proceedings of debtor Jacqueline Melcher. Judge Ronald Whyte originally withdrew the reference to the bankruptcy court to consider the Trustee's motion for $688,000 in sanctions against debtor pursuant to Section 1927 of Title 28 of the United States Code. Judge Whyte granted the Trustee's motion "to compensate the victims of Ms. Melcher's litigation abuses" but deferred calculation of the amount of sanctions "because the litigation [was] ongoing and more unnecessary fees may be incurred in the future" (Dkt. No. 15). Judge Whyte instructed the Trustee to move for determination of the final amount of sanctions at the conclusion of debtor's bankruptcy case.

      The Trustee then filed a supplemental motion for sanctions that stated, "The Trustee is closing the bankruptcy case and is filing the present motion for determination of the amount of sanctions through September 30, 2015. The Trustee is foregoing a request for sanctions for unnecessary fees caused by the Debtor after that date" (Dkt. No. 16 at 2). Judge Whyte, however, noted that "[d]ebtor ha[d] appealed the bankruptcy court's December 10, 2015 order

approving interim compensation, and the Trustee ha[d] moved to dismiss that appeal for lack of jurisdiction on the grounds that the bankruptcy court's fee award [was] not yet final," so "the Trustee's position seem[ed] to be that the fee amount that the bankruptcy court ultimately approve[d was] subject to change" (Dkt. No. 25 at 2). Since Judge Whyte intended to use the Trustee's attorney's fees "as a basis for sanctions," he deferred ruling on the final amount of sanctions "until the bankruptcy case is complete and the bankruptcy court makes a final determination of the amount of attorneys' fees to be awarded" (*id.* at 2–3).

In compliance with Judge Whyte's order, the Trustee then filed a renewed motion to determine the amount of sanctions with documentation to support the reasonableness of his attorney's fees (*see id.* at 3; Dkt. No. 27). The Trustee's renewed motion explained that "[a]ll fees requested by counsel have been approved on a final basis" by the bankruptcy court (Dkt. No. 27 at 2). This matter was then reassigned to the undersigned judge, along with several of debtor's pending appeals from various orders of the bankruptcy court.

Since debtor had missed her briefing deadline, the undersigned judge issued an order to show cause why the Trustee's motion should not be granted (Dkt. No. 32). In response to that order, debtor argued that (1) the bankruptcy court's determination regarding attorney's fees was not final because she had appealed it, (2) the Trustee's notice of the motion mentioned an inaccurate briefing deadline, and (3) she "was not allowed to participate and was denied the right to object" prior to the bankruptcy court's final approval of attorney's fees (Dkt. No. 35).

The undersigned judge held a hearing on the Trustee's renewed motion, at which debtor had the chance to be heard (*see* Dkt. No. 49). Her pending appeals from the bankruptcy court's orders relating to attorney's fees have been rejected. *See In re Jacqueline C. Melcher*, Case No. 3:16-cv-05982-WHA; *In re Jacqueline C. Melcher*, Case No. 3:16-cv-06123-WHA. There is no further reason to postpone decision on the Trustee's renewed motion.

The customary method for assessing an attorney's fee application in bankruptcy cases is the "lodestar" method, which multiplies the reasonable hourly rate for the services provided by the number of hours reasonably expended. *In re Eliapo*, 468 F.3d 592, 598–99 (9th Cir. 2006). The Trustee urges application of the lodestar method here (Dkt. No. 27-1 at 3). After the

2

hearing on the Trustee's renewed motion, the Trustee's attorney also submitted a declaration voluntarily limiting the amount requested to the $688,000 sum originally considered by Judge Whyte (Dkt. No. 54 at 2–3). The Trustee and his attorney have also explained that they understand the collection of any amount of sanctions from debtor is unlikely, but they nevertheless pursued a large amount in the hope that it would protect the victims of debtor's litigation misconduct by deterring further frivolous or harassing filings (*see, e.g.*, *id.* at 2).

In the original motion considered by Judge Whyte, the Trustee's attorney claimed hourly rates ranging from $475 per hour in 2008 to $540 per hour in 2013, and approximately 1,300 hours related to debtor's frivolous and vexatious conduct, amounting to a total fees request of $688,000 (Dkt. No. 1-5 at 23). This order finds that the claimed hourly rates are reasonable under these circumstances. This order further finds that, given debtor's documented history of vexatious litigation, including numerous frivolous appeals, the claimed hours are likewise reasonable. Moreover, any risk of excessive billing is likely neutralized by the Trustee and his attorney's voluntary waiver of costs accrued after April 30, 2013 (*see* Dkt. No. 1-5 at 24). This order therefore concludes that $688,000 is an appropriate amount of sanctions in this case.

For the foregoing reasons, the Trustee's renewed motion to determine the amount of sanctions pursuant to Judge Whyte's prior order is **GRANTED** in the amount of **$688,000**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: September 30, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3